NO. 07-03-0090-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 30, 2005

_____

EDWIN GAYLE HOLLOWAY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 106TH DISTRICT COURT OF LYNN COUNTY;

NO. 01-2554; HONORABLE CARTER T. SCHILDKNECHT, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following his plea of not guilty, appellant was convicted by a jury of burglary of a habitation and punishment was assessed by the trial court at 12 years confinement. Challenging his conviction by one point of error, appellant asserts the trial court erred in

admitting an extraneous offense under the identity exception of Rule 404(b) of the Texas Rules of Evidence. We affirm.

Billy Wayne Whitehill's home was burglarized and, among other items, a rifle was taken. According to the investigating officer's testimony, the rifle was recovered at the residence of appellant's estranged son. Donna Sue Holloway, appellant's ex-wife, testified that she was in appellant's truck when he traveled to Whitehill's home, entered, and later exited with the rifle. She explained that she hid the rifle under a bed per appellant's instructions because she feared him. The next day, appellant and Donna took the rifle and other gifts to appellant's son's mother and stepfather's home and asked them to give the rifle to appellant's grandson as a Christmas gift.

Appellant's sole contention is that the trial court erred in admitting an extraneous offense under the identity exception of Rule 404(b) of the Texas Rules of Evidence. The State responds that appellant waived error, if any, by failing to properly object to the admission of an extraneous offense and because his complaint on appeal does not correspond with his objection at trial. We agree with the State.

During the guilt/innocence phase of the trial, the State called Ernesto Amaya to testify to extraneous offenses of retaliation and witness tampering. However, while Amaya was testifying, the following colloquy occurred:

Q. We'll get back to that. Right now I want to talk to you about an incident that occurred on November 24th this past year. Do you recall what happened then?

A. Yes, sir. I had a pair of horse blinders stolen out of my barn.

[Defense Counsel]: *Objection*. May we approach?

Court: Yes, you may.

(At the Bench, on the record.)

[Defense counsel]: *I think he's going to try to get into this burglary of a building and his notice with regard to – I think he said he wanted to call him to testify about the retaliation and the tampering with a witness.*

[Prosecutor]: And that's right, your Honor. And that was my initial –

[Defense counsel]: We're bringing another deal in here now.

[Prosecutor]: That was my initial notice. Through the course of this proceeding and cross-examination he's pointed the finger at another of my witnesses. And in order to rebut that inference that Donna Holloway committed this crime rather than Edwin, I have a right to bring in this extraneous offense to prove intent to rebut his claim that it was not Edwin Holloway that committed the crime. I have the right to bring in extraneous offenses to show – it shows he has the propensity to commit a burglary. It's identical to the one in this case. I'm entitled to show that he was the one and not Donna Holloway.

Court: That's right.

[Defense counsel]: I figured it would be.

Court: You may proceed.

(Emphasis added).

As a prerequisite for appellate review, an appellant must show he made a timely objection stating with sufficient specificity the grounds therefor, comply with the Texas Rules of Evidence, and obtain an adverse ruling either expressly or implicitly. Tex. R. App. P. 33.1(a). *See generally* Martinez v. State, 91 3d 331, 336-37 (Tex.Cr.App. 2002)

(applying the "raise-it-or-waive-it" forfeiture rule). Additionally, the objection at trial must comport with the complaint raised on appeal. Trevino v. State 991 S.W.2d 849, 854 (Tex.Cr.App. 1999).

Additionally, Rule 404(b) provides that extraneous acts may be admissible for certain purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but are not admissible to prove a person's character or to show action in conformity therewith. The purposes designated, however, are neither mutually exclusive nor collectively exhaustive. Montgomery v. State, 810 S.W.2d 372, 388 (Tex.Cr.App. 1991) (op. on reh'g). Once a Rule 404(b) objection is made, the proponent of the evidence must persuade the trial court that the evidence has relevance apart from character conformity. *Id.* at 387-88. If the trial court overrules the Rule 404(b) objection and determines the evidence is relevant beyond its character conformity, it has ruled on the full extent of the opponent's Rule 404(b) objection. Santellan v. State, 939 S.W.2d 155, 169 (Tex.Cr.App. 1997), citing *Montgomery*, 810 S.W.2d at 388. *Id.* The opponent of the evidence must then make a Rule 403 objection requesting the trial court to weigh the probative and prejudicial value of the evidence. *Id.*

Assuming, *arguendo*, that the trial court's action in allowing the parties to proceed after stating "[t]hat's right" is an implicit adverse ruling on appellant's objection, we nevertheless do not detect a specific Rule 404(b) or a follow-up Rule 403 objection to the State's questioning of Amaya on the extraneous burglary. Thus, because appellant

4

couches his point of error and argument thereunder under Rule 404(b), it does not correspond to the objection raised at trial. We conclude appellant's contention was not preserved for review. His sole point is overruled.

Accordingly, the judgment of the trial court is affirmed.

Per Curiam

Johnson, C.J., not participating.

Do not publish.